# CHRIS DANIEL
# HARRIS COUNTY DISTRICT CLERK

<mark>DATE 5/14/2015</mark>

**NOTICE OF APPEALS
ASSIGNMENT OF COURT THE COURT OF APPEALS**

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
5/14/2015 4:09:15 PM
CHRISTOPHER A. PRINE
Clerk

**TO:** 14TH COURT OF APPEALS

**From:** **Deputy Clerk: PHYLLIS WASHINGTON**
**Chris Daniel, District Clerk**
**Harris County, T E X A S**

**CAUSE:** <mark>2013-08693</mark>

**VOLUME** _____ **PAGE** _____ **OR** **IMAGE #** <mark>64358357</mark>

**DUE** 6/23/2015 **ATTORNEY** 00784989

**NOTICE OF APPEAL HAS BEEN ASSIGNED TO THE 14TH COURT OF APPEALS**

**DATE JUDGMENT SIGNED:** 2/23/2015

**MOTION FOR NEW TRIAL DATE FILED** 3/20/2015

**REQUEST TRANSCRIPT DATE FILED** NO

**NOTICE OF APPEAL DATE FILED** 5/13/2015

**NUMBER OF DAYS: ( CLERKS RECORD )** 120

**FILE ORDERED: YES ☐ NO ☐ IMAGED FILED: YES ☐ NO ☐**

**CODES FOR NOTICE OF APPEAL: BC, C, OA**

CHRIS DANIEL
Harris County, District Clerk

By: /s/PHYLLIS WASHINGTON
**PHYLLIS WASHINGTON , Deputy**

| | |
|---|---|
| BC | NOTICE OF APPEAL FILED |
| BG | NOTICE OF APPEAL FILED – GOVERNMENT |
| C | JUDGMENT BEING APPEALED |
| D - | ACCELERATED APPEAL |
| OA | NO CLERK'S RECORD REQUEST FILED |
| O | CLERK'S RECORD REQUEST FILED (W/NOTICE OF APPEAL) |
| NA | AMENDED NOTICE OF APPEAL |

CAUSE NO. 2013-08693

| | | |
|---|---|---|
| LARRY HUTTO and BONNIE HUTTO | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| | § | |
| CARRINGTON MORTGAGE SERVICES, | § | |
| LLC and DEUTSCH BANK TRUST | § | |
| COMPANY, NATIONAL ASSOCIATION, | § | 55TH JUDICIAL DISTRICT |

## NOTICE OF APPEAL

TO THE HONORABLE JUDGE OF SAID COURT:

Come now Defendants/Counter-Plaintiffs, Carrington Mortgage Services, LLC ("Carrington") and Deutsche Bank National Trust Company, as Indenture Trustee for New Century Home Equity Loan Trust 2005-2 ("Deutsche Bank, as Trustee of the Mortgage Trust") (collectively "Defendants/Counter-Plaintiffs"), and, pursuant to Rule 25 of the Texas Rules of Appellate Procedure, respectfully shows as follows:

1.

Defendants/Counter-Plaintiffs desire to appeal this Court's Final Judgment in the above entitled and numbered lawsuit, which was signed on February 23, 2015. A copy of the Final Judgment is attached as Exhibit 1.

2.

The Final Judgment made the basis of the appeal was made at the trial court level by the 55th Judicial District Court of Harris County, Texas in Cause No. 2013-08693, styled *Larry Hutto and Bonnie Hutto v. Carrington Mortgage Services, LLC and Deutsche Bank National Trust Company, National Association.*

3

This appeal is to either the First or Fourteenth Court of Appeals.

012831/000151
131 - 1499378v1

Respectfully submitted,

CRAIN, CATON & JAMES, P.C.

By: /s/ Peter C. Smart
      Peter C. Smart
      State Bar No. 00784989
      psmart@craincaton.com
      1401 McKinney, Suite 1700
      Houston, Texas 77010
      Telephone: (713) 658-2323
      Telecopier: (713) 658-1921

Attorneys for Defendants/Counter-Plaintiffs,
Carrington Mortgage Services, LLC and
Deutsche Bank Trust Company,
National Association

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this pleading was served on the following via the Court's electronic file service manager and certified mail, return receipt requested this 13th day of May, 2015 as follows:

Robert C. Lane
Anh Thu Dinh
Middagh & Lane, P.L.L.C.
6200 Savoy, Suite 1150
Houston, Texas 77036
Fax: (713) 595-8201

Certified Article Number
7196 9008 9111 2395 9888
SENDERS RECORD

/s/ Peter C. Smart
Peter C. Smart



EXHIBIT
1

2/5/2016 2:30:19 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 4038792
By: FLORES, DANIEL
Filed: 2/5/2016 2:30:19 PM

Cause No. 2013-08693

| | | |
|---|---|---|
| LARRY N. HUTTO and BONNIE HUTTO, | § | IN THE DISTRICT COURT OF |
| Plaintiffs / Counter-Defendants, | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| CARRINGTON MORTGAGE SERVICES, LLC, and DEUTSCHE BANK TRUST COMPANY, NATIONAL ASSOCIATION | § | |
| Defendants / Counter-Plaintiffs. | § | 55th JUDICIAL DISTRICT |

## FINAL JUDGMENT

On the 27th day of January 2015, came on to be heard the above-entitled and numbered cause. Larry Hutto and Bonnie Hutto (the "Huttos"), Counter-Defendants, appeared in person and by their attorney of record and announced ready for trial. Carrington Mortgage Services, LLC ("Carrington") and Deutsche Bank Trust Company, National Association ("Deutsche") appeared through their attorney of record and announced ready for trial. The Court determined that it had jurisdiction over the subject matter and the parties to this proceeding. All matters in controversy, legal and factual, were submitted to the Court for its determination. Before the Honorable Presiding Judge Jeff Shadwick, the trial of this case proceeded with the introduction of the evidence until all parties announced in open court that they had rested their respective cases.

Thereupon, after hearing the testimony of the parties' witnesses and reviewing the evidence submitted by the parties as exhibits, and hearing the arguments of counsel, the Court made its findings on January 29, 2015. The Court's Findings of Fact and Conclusions of Law are hereby incorporated by reference in its entirety and consistent with the following:

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

1. The Huttos' defenses to Banks' claims for foreclosure and breach of contract due to an alleged default are not barred by the statute of limitations.

2. Counter-Plaintiffs Carrington and Deutsche (collectively "Banks"), as the claimants attempting to foreclose under the power of sale clause in the Security Agreement, have the burden to establish that they (a) have a valid lien to foreclose on, and (b) have performed all of their obligations under the security agreement. Banks have not met their burden to show that a default occurred, have not met their burden to show that they have a valid lien to foreclose on, and have not met their burden to show that they are entitled to an order for foreclosure. The Lien was not created in compliance with the Texas Constitution, art. XVI, §50(a)(6) and Banks have not cured their violations. Moreover, Banks failed to strictly comply with their contractual duties before foreclosing.

3. Therefore, the Court DENIES Banks' claim for foreclosure of the Property located at:

   20034 Crazy Horse Circle, Katy, Harris County, Texas 77449 (the "Property"),

   particularly described as:

   LOT TWENTY (20), BLOCK TWO (2), OF PARTIAL REPLAT OF SUNDOWN SECTION TWO (2), AN ADDITION IN HARRIS COUNTY, commonly referred to as 20034 Crazy Horse Circle, Katy, Harris County, Texas 77449, and

4. The Court ORDERS that Banks are not and shall not be entitled to ~~an order for~~ the requested foreclosure, ~~pursuant to the terms of the Deed of Trust/Security Agreement, and ORDERS that Banks and any of their successors and/or assignees are forever barred from foreclosing on the Property.~~

5. The Court ORDERS that Banks take nothing from the Huttos as to all claims and causes of action that were asserted or that could have been asserted in this case.

6. For the reasons stated in the Court's Findings of Fact and Conclusions of Law, Banks'

claim for equitable subrogation is also **DENIED**. Banks' claim for attorney's fees is further **DENIED**.

7. ~~The Court further **ORDERS** that the Huttos recover from Banks the sum of $_____ for court costs incurred in the defense of this action, and interest on that sum at the annual rate of 5 percent, from the date this Judgment is signed until the date this Judgment is satisfied.~~

8. ~~The Court further **ORDERS** that, if this case is appealed to the court of appeals, the Huttos are entitled to the additional amount of $30,000 should they prevail;~~

9. ~~The Court further **ORDERS** that, in the event Banks file a petition for review to the Texas Supreme Court, the Huttos are entitled to an additional $20,000 in attorney's fees should they prevail;~~

10. ~~The Court further **ORDERS** that, in the event the Texas Supreme Court grants Banks' petition for review and orders briefing, the Huttos would be entitled to an additional $30,000 in attorney's fees should they prevail.~~

11. The Court further **ORDERS** that execution issue for this Judgment.

12. The Court further **ORDERS** that this judgment is final, disposes of all claims and all parties, and is appealable. All relief not expressly granted herein is **DENIED**. This is a Final Judgment.

Signed on this 23 day of Feb _____ 2015.

_____
THE HONORABLE JEFF SHADWICK

FINAL JUDGMENT

3

2/5/2015 2:30:19 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 4038792
By: FLORES, DANIEL
Filed: 2/5/2015 2:30:19 PM

Cause No. 2013-08693

| | | |
|---|---|---|
| LARRY N. HUTTO and<br>BONNIE HUTTO, | § <br> § <br> § | IN THE DISTRICT COURT OF |
| Plaintiffs / Counter-Defendants, | § <br> § | |
| v. | § <br> § | HARRIS COUNTY, TEXAS |
| CARRINGTON MORTGAGE<br>SERVICES, LLC, and<br>DEUTSCHE BANK TRUST<br>COMPANY, NATIONAL<br>ASSOCIATION | § <br> § <br> § <br> § <br> § <br> § <br> § | |
| Defendants / Counter-Plaintiffs. | § | 55ᵗʰ JUDICIAL DISTRICT |

## FINAL JUDGMENT

On the 27ᵗʰ day of January 2015, came on to be heard the above-entitled and numbered cause. Larry Hutto and Bonnie Hutto (the "Huttos"), Counter-Defendants, appeared in person and by their attorney of record and announced ready for trial. Carrington Mortgage Services, LLC ("Carrington") and Deutsche Bank Trust Company, National Association ("Deutsche") appeared through their attorney of record and announced ready for trial. The Court determined that it had jurisdiction over the subject matter and the parties to this proceeding. All matters in controversy, legal and factual, were submitted to the Court for its determination. Before the Honorable Presiding Judge Jeff Shadwick, the trial of this case proceeded with the introduction of the evidence until all parties announced in open court that they had rested their respective cases.

Thereupon, after hearing the testimony of the parties' witnesses and reviewing the evidence submitted by the parties as exhibits, and hearing the arguments of counsel, the Court made its findings on January 29, 2015. The Court's Findings of Fact and Conclusions of Law are hereby incorporated by reference in its entirety and consistent with the following:

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

1. The Huttos' defenses to Banks' claims for foreclosure and breach of contract due to an alleged default are not barred by the statute of limitations.

2. Counter-Plaintiffs Carrington and Deutsche (collectively "Banks"), as the claimants attempting to foreclose under the power of sale clause in the Security Agreement, have the burden to establish that they (a) have a valid lien to foreclose on, and (b) have performed all of their obligations under the security agreement. Banks have not met their burden to show that a default occurred, have not met their burden to show that they have a valid lien to foreclose on, and have not met their burden to show that they are entitled to an order for foreclosure. The Lien was not created in compliance with the Texas Constitution, art. XVI, §50(a)(6) and Banks have not cured their violations. Moreover, Banks failed to strictly comply with their contractual duties before foreclosing.

3. Therefore, the Court **DENIES** Banks' claim for foreclosure of the Property located at:

   **20034 Crazy Horse Circle, Katy, Harris County, Texas 77449 (the "Property"),**

   **particularly described as:**

   **LOT TWENTY (20), BLOCK TWO (2), OF PARTIAL REPLAT OF SUNDOWN SECTION TWO (2), AN ADDITION IN HARRIS COUNTY, commonly referred to as 20034 Crazy Horse Circle, Katy, Harris County, Texas 77449, and**

4. The Court **ORDERS** that Banks are not and shall not be entitled to ~~an order for~~ the requested foreclosure, ~~pursuant to the terms of the Deed of Trust/Security Agreement, and~~ **ORDERS** ~~that Banks and any of their successors and/or assignees are forever barred from foreclosing on the Property~~.

5. The Court **ORDERS** that Banks take nothing from the Huttos as to all claims and causes of action that were asserted or that could have been asserted in this case.

6. For the reasons stated in the Court's Findings of Fact and Conclusions of Law, Banks'

FINAL JUDGMENT

2

claim for equitable subrogation is also **DENIED.** Banks' claim for attorney's fees is further **DENIED.**

7. The Court further ORDERS that the Huttos recover from Banks the sum of $_____ for court costs incurred in the defense of this action, and interest on that sum at the annual rate of 5 percent, from the date this Judgment is signed until the date this Judgment is satisfied.

8. The Court further **ORDERS** that, if this case is appealed to the court of appeals, the Huttos are entitled to the additional amount of $30,000 should they prevail;

9. The Court further **ORDERS** that, in the event Banks file a petition for review to the Texas Supreme Court, the Huttos are entitled to an additional $20,000 in attorney's fees should they prevail;

10. The Court further ORDERS that, in the event the Texas Supreme Court grants Banks' petition for review and orders briefing, the Huttos would be entitled to an additional $30,000 in attorney's fees should they prevail.

11. The Court further **ORDERS** that execution issue for this Judgment.

12. The Court further **ORDERS** that this judgment is final, disposes of all claims and all parties, and is appealable. All relief not expressly granted herein is DENIED. This is a Final Judgment.

Signed on this 23 day of Feb 2015.

_____
THE HONORABLE JEFF SHADWICK

FINAL JUDGMENT

3

CAUSE NO. 2013-08693

| | | |
|---|---|---|
| LARRY HUTTO and BONNIE HUTTO | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| CARRINGTON MORTGAGE SERVICES, | § | |
| LLC and DEUTSCH BANK TRUST | § | |
| COMPANY, NATIONAL ASSOCIATION, | § | 55TH JUDICIAL DISTRICT |

## DEFENDANTS/COUNTER-PLAINTIFFS' MOTION FOR NEW TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

Come now Defendants/Counter-Plaintiffs, Carrington Mortgage Services, LLC ("Carrington") and Deutsche Bank National Trust Company, as Indenture Trustee for New Century Home Equity Loan Trust 2005-2 ("Deutsche Bank, as Trustee of the Trust") (collectively "Defendants/Counter-Plaintiffs"), and, pursuant to Rules 320, 324 and 329a of the Texas Rules of Civil Procedure, respectfully request that the Court grant this motion for new trial[1]. In support thereof, Defendants/Counter-Plaintiffs respectfully show as follows:

### *Procedural and Factual Events*

1.

On or about January 20, 2005, New Century Mortgage Corporation ("New Century") provided Plaintiff/Counter-Defendant Larry Hutto ("Hutto") with a home equity loan (the "Loan"). In conjunction with the Loan, Hutto executed and issued to New Century a Texas Home Equity Note (Fixed Rate – First Lien) (the "Note") in which Hutto promised to pay the principal sum of $82,400.00.

---

[1] This case was tried to the Court without a jury. Therefore, a motion for judgment notwithstanding the verdict is probably not appropriate. However, in the event a JNOV is appropriate, please allow this to be a motion for judgment notwithstanding the verdict as well.

2.

The Note is secured by a Texas Home Equity Security Instrument (First Lien) (the "Deed of Trust") dated January 20, 2005, executed by Plaintiffs/Counter-Defendants (the "Huttos"). The Huttos' obligations under the Note and Deed of Trust are secured by a lien on the real property and improvements located at 20034 Crazy Horse Circle, Katy, Texas 77449 (the "Property"), which is more particularly described as:

LOT TWENTY (20), IN BLOCK TWO (2), OF PARTIAL REPLAT OF SUNDOWN, SECTION TWO (2), AN ADDITION IN HARRIS COUNTY, TEXAS ACCORDING TO THE MAP OR PLAT THEREFO RECORDED IN VOLUME 297, PAGE 107 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS.

3.

Some of the proceeds of the Loan, $68,174.97, were used to pay-off a first lien mortgage, and additional proceeds were used to pay off taxes owed to governmental agencies, as reflected in the HUD-1 Settlement Statement for the Loan.

4.

The Note and Deed of Trust were assigned shortly thereafter to Deutsche Bank, as Trustee of the Trust. Since then, Deutsche Bank, as Trustee of the Trust, has remained the holder and owner of Note and Deed of Trust. Deutsche Bank, as Trustee of the Trust, provided constructive notice of that assignment via an assignment of lien, which was filed in the real property records of Harris County on February 4, 2011.

5.

Carrington services the Loan, the Note and the Deed of Trust for Deutsche Bank, as Trustee of the Trust. Carrington is authorized by Deutsche Bank, as Trustee of the Trust, as

reflected in a limited power of attorney, to act on behalf of Deutsche Bank, as Trustee of the Trust, in judicial and non-judicial foreclosure proceedings.

6.

Hutto defaulted under the terms of the Note and Deed of Trust. Defendants/Counter-Plaintiffs provided Hutto with notice of default and opportunity to cure. Hutto did not cure. Defendants/Counter-Plaintiffs provided the Huttos with appropriate notice of acceleration, declaring all amounts under the Note and Deed of Trust to be immediately due and payable.

7.

The Huttos contend they sent, through their attorney, a letter (the "Notice to Cure Letter") to Defendants/Counter-Plaintiffs on October 31, 2012 claiming that several of the home equity requisites/provisions of the Texas Constitution were not followed, or were violated, at the origination and closing of the Loan. The Notice to Cure Letter purports to provide notice of those alleged violations and purports to provide notice to cure the alleged violations. There was no evidence, or insufficient evidence, at the trial of this case that the Notice to Cure Letter was received by either Carrington or Deutsche Bank, as Trustee of the Trust.

8.

The Huttos filed this suit on February 13, 2013 alleging that several of the home equity requisites/provisions of the Texas Constitution were not followed, or were violated, at the origination and closing of the Loan. The Huttos further alleged that they provided Defendants/Counter-Plaintiffs with a Notice to Cure Letter, but that Defendants/Counter-Plaintiffs did not cure the alleged violations.

## 9.

In their pleadings, the Huttos asked the Court to adjudge that: (i) that several of the home equity requisites/provisions of the Texas Constitution were not followed, or were violated, at the origination and closing of the Loan; (ii) Defendants/Counter-Plaintiffs were provided notice of those alleged violations and an opportunity to cure those violations, but did not do so; and (iii) the lien provided for in the Deed of Trust is void as a result thereof.

## 10.

Carrington and Deutsche Bank, as Trustee of the Trust, answered and contended that the Huttos' claims of alleged violations of the home equity provisions of the Texas Constitution were time-barred by the four year statute of limitations. Carrington and Deutsche Bank, as Trustee of the Trust, also contended that even if the lien under the Deed of Trust were void (and it is not) then Carrington and Deutsche Bank, as Trustee of the Trust, were equitably subrogated to the liens that were paid off at the closing of the Loan with funds from the Loan. Carrington and Deutsche Bank, as Trustee of the Trust also filed a counterclaim seeking an order permitting foreclosure of the lien under the Deed of Trust, or the equitably subrogated lien(s).

## 11.

The Huttos non-suited their affirmative claims on September 16, 2014, but continued to defend the Defendants/Counter-Plaintiffs' request to foreclose based on the same allegations raised in the affirmative claims that the Huttos dismissed by non-suit. Carrington and Deutsche Bank, as Trustee of the Trust, contended in various briefs and motions and in open court that the Huttos' defenses based on the home equity provisions of the Texas Constitution were time-barred.

12.

This lawsuit was called to trial, for a non-jury trial to the Court, on January 27, 2015. Prior to trial, on January 26, 2015, Carrington and Deutsche Bank, as Trustee of the Trust, filed Defendants/Counter-Plaintiffs' Proposed Findings of Fact and Conclusions of Law, which, among other things, include proposed findings and conclusions that: (i) the Huttos' defense that Carrington and Deutsche Bank, as Trustee of the Trust, cannot foreclose because of alleged violations of the home equity provisions of the Texas Constitution is time-barred by the statute of limitations; (ii) even if the defense were not time-barred, Carrington and Deutsche Bank, as Trustee of the Trust, are equitably subrogated to the lien(s) paid off at the closing of the Loan with funds from the Loan; and (iii) Section 16.069 of the Texas Civil Practice & Remedies Code does not apply to a party that files a petition initiating a lawsuit.

13.

The Court signed and entered Findings of Fact and Conclusions of Law on January 29, 2015, wherein the Court found and concluded, among other things, that: (i) the original lender failed to comply with the home equity requisites and provisions of the Texas Constitution; (ii) Carrington and Deutsche Bank, as Trustee of the Trust, were provided notice of those violations but did not cure them; (iii) as a result, Deutsche Bank, as Trustee of the Trust, does not have a valid lien on the Property; (iv) Deutsche Bank, as Trustee of the Trust, is not equitably subrogated to the lien(s) paid off at the closing of the Loan with funds from the Loan; and (v) as a result of the foregoing, Carrington and Deutsche Bank, as Trustee of the Trust, are not entitled to foreclose on the Property.

14.

The Court signed and entered a Judgment consistent with those findings and Conclusions on February 23, 2015.

*Discussion*

15.

The Loan closed in January 2005. The Huttos filed this suit in February 2013, more than 8 years later. The 4 year statute of limitations applies to a claim that a lender violated constitutional provisions governing home equity loans. *See Santiago v. Novastar Mortgage, Inc.*, 443 S.W.3d 462, 469 (Tex. App. – Dallas 2014, pet. denied) citing *Williams v. Wachovia Mortgage Corp.*, 407 S.W.3d 391, 394-95 (Tex. App. – Dallas 2013, pet. denied).

16.

Since violations of the home equity provisions of the Texas Constitution may be cured, a home equity lender that fails to comply with a home equity provision of the Texas Constitution holds a voidable, rather than void, lien. *See Santiago*, 443 S.W.3d at 476. Neither the discovery rule nor Section 16.069 of the Texas Civil Practice & Remedies Code apply in this situation. *See Santiago*, 443 S.W.3d at 476.

17.

Phrased another way, if a debtor does not file an action claiming non-compliance within four years of closing on the subject loan, the debtor can no longer seek the penalty under Section 50(a)(6)(Q) of the Texas Constitution. *See Santiago*, 443 S.W.3d at 469; *Williams*, 407 S.W.3d at 394-95; and *Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667 (5th Cir. 2013).

## 18.

In other words, a lender does not have a burden to prove it complied with the home equity provisions of the Texas Constitution in a situation such as this case, when a borrower files suit more than 8 years after the loan closed, nor can a borrower defend a counterclaim seeking an expedited foreclosure when a borrower files suit 8 years after a home equity loan closed.

## 19.

The Texas Supreme Court has held that a home equity mortgagee is equitably subrogated to liens paid off by the funds from the home equity loan, even if the home equity lien itself is declared invalid due to non-compliance with the requisite provisions of the Texas Constitution. *See LaSalle Bank National Association v. White*, 246 S.W.3d 616, 620 (Tex. 2007). As such, in the event the lien in the Deed of Trust is invalid due to alleged non-compliance with the home equity provisions of the Texas Constitution, then Deutsche Bank, as Trustee of the Trust, is equitably subrogated to the lien(s) paid off at the closing of the Loan with funds from the Loan.

## 20.

Given the foregoing: (i) the Court erred when it misapplied the law; (ii) the Court erred when it granted judgment for the Huttos; (iii) the Court erred when it did not grant judgment for Carrington and Deutsche Bank, as Trustee of the Trust; (iv) the Court erred when it did not adopt Defendants/Counter-Plaintiffs' Proposed Findings of Fact and Conclusions of Law; (v) the Court erred when it entered its Findings of Fact and Conclusions of Law; (vi) the Court erred when it ruled that Carrington and Deutsche Bank, as Trustee of the Trust, were provided notice of alleged home equity violations; (vii) the Court erred when it ruled that Deutsche Bank, as Trustee of the Trust, is not entitled to foreclose on the Property due to alleged non-compliance

with the home equity provisions of the Texas Constitution; (viii) the Court erred when it ruled that the Huttos are not time-barred from defending on the basis of alleged violations of the home equity provisions of the Texas Constitution; (ix) the Court erred when it ruled that Deutsche Bank, as Trustee of the Trust, is not equitably subrogated to the lien(s) paid off at the closing of the Loan with funds from the Loan; and (x) the Court erred when it ruled that Deutsche Bank, as Trustee of the Trust, is not entitled to foreclose on the Property.

Wherefore, Carrington and Deutsche Bank, as Trustee of the Trust, respectfully request that the Court grant this motion, set aside the judgment in this case and order a new trial on the merits. Carrington and Deutsche Bank, as Trustee of the Trust, ask for all other relief to which they are entitled in law or equity.

Respectfully submitted,

CRAIN, CATON & JAMES, P.C.

By: */s/ Peter C. Smart*
     Peter C. Smart
     State Bar No. 00784989
     psmart@craincaton.com
     1401 McKinney, Suite 1700
     Houston, Texas 77010
     Telephone: (713) 658-2323
     Telecopier: (713) 658-1921
Attorneys for Defendants/Counter-Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this pleading was served on the following via the Court's electronic file service manager and certified mail, return receipt requested this 20th day of March, 2015 as follows:

Robert C. Lane
Anh Thu Dinh
Middagh & Lane, P.L.L.C.
6200 Savoy, Suite 1150
Houston, Texas 77036
Fax: (713) 595-8201


/s/ Peter C. Smart
Peter C. Smart

```
JURN7 (NSA#)    JUSTICE INFORMATION MANAGEMENT SYSTEM    MAY 14, 2015(C1)
INT6510                   CIVIL CASE INTAKE             OPT: _____ - INT
                       GENERAL PARTY INQUIRY            PAGE:   1 -    2

CASE NUM: 201308693__ PJN> __  TRANS NUM: _____ CURRENT COURT: 55  PUB? _
CASE TYPE: DECLARATORY JUDGMENT          CASE STATUS: CASE ON APPEAL
STYLE: HUTTO, LARRY N                 VS CARRINGTON MORTGAGE SERVICES LLC
==============================================================================
                      **** INACTIVE PARTIES ****
  PJN   PER/CONN COC  BAR       PERSON NAME            PTY   ASSOC. ATTY
  NUM    NUMBER                                        STAT
_     00003-0002 XDF 24046263 HUTTO, BONNIE                  LANE, ROBERT
_     00002-0002 XPL 00784989 CARRINGTON MORTGAGE SERVICES L SMART, PETER
_     00002-0002 PXP 00791932 WILLIAMS, JONATHAN M.
_     00001-0002 XDF 24046263 HUTTO, LARRY N                 LANE, ROBERT
_     00006-0001 AGT          DEUTSCHE BANK TRUST COMPANY NA
_     00005-0001 AGT          CARRINGTON MORTGAGE SERVICES L
_     00004-0001 DEF 00784989 DEUTSCHE BANK TRUST COMPANY NA D SMART, PETER
_     00004-0001 PAD 00791932 WILLIAMS, JONATHAN M.          D

==> (12) CONNECTION(S) FOUND
1=ACTIVE     2=ATY. INQ.   3=ACT.ENTRY   4=ISS. SERV.  5=DOC. INQ.
6=CASE INQ.  7=BACKWARD    8=FORWARD     9=PTY. ADDR.  10=REFRESH   11=HELP
```